RIDGEFIELD LAND CO. *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CITY MAY REQUIRE STREETS TO CONFORM TO GENERAL PLAN AS CONDITION TO ACCEPTANCE OF PLAT.
    Under Act No. 360, Pub. Acts 1925, the city of Detroit has authority to adopt a general plan for the width of streets and to refuse to approve any plat which does not conform thereto, although the width required may be greater than in plats dedicated and accepted before adoption of the general plan.

2. SAME—CONSTITUTIONAL LAW—EMINENT DOMAIN.
    Requirement by a city, as a condition of acceptance of a plat, that streets be of a width to conform to the general plan is not an infringement on the constitutional rights of

[1]Municipal Corporations, 28 Cyc. p. 837; 42 L. R. A. (N. S.) 1123; 44 L. R. A. (N. S.) 1030; L. R. A. 1915C, 981; 12 A. L. R. 681; 28 A. L. R. 318; 4 R. C. L. 398; 1 R. C. L. Supp. 1131; 4 R. C. L. Supp. 268; 5 R. C. L. Supp 241; [2]Eminent Domain, 20 C. J. § 13.

the owner in that it compels him to dedicate private property without compensation therefor, since it applies to all persons alike, the dedication is voluntary, there is no exercise of the power of eminent domain, and the requirement that streets be of sufficient width to accommodate the traffic is not unreasonable.

3. SAME—POLICE POWER.
The right of cities to provide for streets of sufficient width to accommodate the traffic is within the police power.

Certiorari to Wayne; Warner (Glenn E.), J., presiding. Submitted October 25, 1927. (Calendar No. 32,872.) Decided January 6, 1928.

Mandamus by the Ridgefield Land Company to compel the city of Detroit and others to approve a plat. From an order denying the writ, plaintiff brings certiorari. Affirmed.

*Yerkes, Simons & Goddard* (*C. Upton Shreve,* of counsel), for appellant.

*Charles P. O'Neil,* Corporation Counsel, and *Walter E. Vashak,* Assistant Corporation Counsel, for appellees.

MCDONALD, J. The plaintiff has brought certiorari to review the action of the Wayne circuit court in denying a writ of mandamus to compel the defendants to approve a plat. The proposed plat, known as Ridgefield subdivision No. 1, contains 80 acres of land, and is bounded on the north by Pembroke avenue and on the east by Livernois avenue. To conform to the general plan for streets adopted by the city of Detroit, Pembroke avenue ought to be 86 feet wide and Livernois avenue 120 feet wide. In respect to the width of these two streets, the plat did not conform to the general plan. It was submitted to the city plan com-

[3]Municipal Corporations, 28 Cyc. p. 838 (Anno).

mission on several occasions, and finally was conditionally approved as follows:

"In order that Mr. Fry may be able to file a plat on the property in question and have his property assessed by lot numbers, the commission agrees to make certain concessions and to approve the plat providing the following changes are made:

"1. A 10 foot building line is to be established on Pembroke avenue to conform with property platted to the west.

"2. Seventeen feet is to be dedicated for Livernois avenue in addition to the regular 33-foot dedication."

The plaintiff refused to accept the changes, and began this proceeding to compel the approval of the plat as offered.

It is first contended that there is no statute or ordinance authorizing the city plan commission or the city counsel to require the dedication of an additional 17 feet on Livernois avenue and the establishment of a 10 foot building line on Pembroke avenue as conditions precedent to the approval of this plat.

Under authority of Act No. 279, Pub. Acts, 1909, as amended (1 Comp. Laws 1915, § 3304 *et seq.*), the city of Detroit provided in its charter for the appointment of a city plan commission of nine members with "power to pass upon the acceptance of all plats of land within and for a distance of three miles beyond the limits of the city."

The authority of the common council with reference to the approval of plats is derived from Act No. 360, Pub. Acts 1925, the applicable portion of which reads as follows:

"The governing body shall determine as to whether such lands are suitable for platting purposes and shall have the right to require that all streets and private roads shall be graveled or cindered and properly drained, and bridges and culverts installed where necessary, and where lots are platted of a width of 60 feet or less, may require that concrete or gravel

walks shall be built and that all highways, streets and alleys conform to the general plan that may have been adopted by the governing body of the municipality for the width and location of highways, streets and alleys; * * * The governing body shall reject said plat if the same does not conform to the provisions of this act."

It thus appears that the common council, which is the governing body referred to in the statute, has power to adopt a general plan for the width of streets and to refuse to approve any plan which does not conform thereto.   It adopted such a plan.   This plan called the "master plan" was prepared by the city plan commission and rapid transit commission in collaboration with the road commissions of Wayne, Oakland, and Macomb counties and the authorities of the included municipalities.   It was adopted by resolution of the common council of the city of Detroit on April 14, 1925.   As to width and location, it classifies streets as super-highways, major highways, and secondary thoroughfares.   Super-highways are required to be 204 feet wide, major highways are section line roads 120 feet in width, and secondary thoroughfares are quarter section lines 86 feet wide.   Livernois avenue is a section line road and Pembroke avenue is a quarter section line road.   The proposed plat gives these two streets a width of 66 feet each.   The plaintiff concedes that in this respect its plat does not conform to the general street plan, but it contends that it does conform to the width of Pembroke and Livernois avenues as dedicated in other plats; that the statute gives the city no power to require a greater width as a condition to the approval of the plat and that if it can be interpreted as conferring such power, it is an infringement on the constitutional rights of the plaintiff in that it compels the dedication of private property for public use without compensation therefor. There is no merit to this contention.   The other plats

referred to were approved and recorded before the present general street plan was adopted; so it cannot be said that it was not made applicable alike to all persons. The streets in the city of Detroit, as elsewhere, were originally laid out for the horse and buggy age. They are too narrow for the present traffic conditions. It has become necessary for the general convenience and the public safety to widen them and to prevent others of the same kind from being established. Because of this necessity, there is nothing unreasonable in the demand of the city that the streets designated in the plaintiff's plat shall be of such a width as to conform to the general street plan. It has been determined that streets of a certain width are necessary to accommodate the traffic. They are necessary for the public safety and therefore the right to provide for them is within the police power of the city.

The error in plaintiff's position is the assumption that in requiring an additional dedication and the establishment of a building line to conform to its general plan, the city is exercising power of eminent domain. Its argument would have merit and the authorities cited would have application if this were a case where the plat had been recorded and the city were undertaking to widen the streets or to establish a building line. But this is not such a case. Here the city is not trying to compel a dedication. It cannot compel the plaintiff to subdivide its property or to dedicate any part of it for streets. It can, however, impose any reasonable condition which must be complied with before the subdivision is accepted for record. In theory, at least, the owner of a subdivision voluntarily dedicates sufficient land for streets in return for the advantage and privilege of having his plat recorded. Unless he does so, the law gives him no right to have it recorded. In *Ross* v. *Goodfellow*, 7 App. Cas. D. C. 1, 10, 11, it is said:

"It must be remembered that each owner has the undoubted right to lay off his land in any manner that he pleases, or not to subdivide it at all.  He cannot be made to dedicate streets and avenues to the public. If public necessity demands parts of his lands for highways, it can be taken only by condemnation and payment of its value.  But he has no corresponding right to have his plat of subdivision so made admitted to the records.

"In providing for public record, congress can accompany the privilege with conditions and limitations applicable alike to all persons.  In providing for such record in the act of 1888, congress sought to conserve the public interest and convenience by requiring practical conformity in all subdivisions of land into squares, streets and avenues, with the general plan of the city as originally established, and this, regardless of the fact that it might in instances practically coerce the dedication of streets to public use which would otherwise have to be paid for."

In the instant case, the defendants have imposed two conditions with which the plaintiff is required to comply for the privilege of having its plat recorded. They are reasonable and necessary for the public welfare.  In the exercise of its power under the statute and its charter, the city had a right to impose them. They do not constitute the taking of private property for public use, and are not an infringement on plaintiff's constitutional rights.  The circuit judge was right in holding that the statute conferred power upon the city of Detroit to adopt its present general street plan and to refuse to approve and record all plats that did not conform thereto.

The order is affirmed, with costs to the defendants.

FELLOWS, WIEST, CLARK, BIRD, and SHARPE, JJ., concurred.  NORTH, J., did not sit.

Chief Justice FLANNIGAN took no part in this decision.