### TAYLOR *v.* FRY.

### ROBERTSON *v.* SAME.

1. Vendor and Purchaser—Rescission—Right to Recover Money Paid.

   Money paid for purchase price of land may be recovered in action for money had and received, whether consideration fails for want of title or for want of valid contract to convey.

2. Same—Failure to Record Plat.

   Where vendor's agent assured purchasers of lots that plat would be recorded soon, but it was never accepted or recorded, purchasers had right to rescind contracts and recover money paid,

---

On right of vendee in contract for sale of real property to recover payments, see annotation in L. R. A. 1918B, 540.

especially where many restrictions were imposed, and after lapse of six years agreement to furnish water, shade trees, sewers, and walks had not been performed.

3. SAME—LACHES—DELAY IN RESCISSION.
  Where purchasers' delay in rescinding contracts was induced by acts and conduct of vendor, their right to rescind was not affected by lapse of time.

Error to Wayne; Richter (Theodore J.), J. Submitted June 11, 1931. (Docket Nos. 87, 88, Calendar Nos. 35,499, 35,500.) Decided October 5, 1931.

Separate actions of assumpsit by Elizabeth B. Taylor and Charles R. Robertson against Vernon C. Fry to recover sums paid under land contracts. Judgments for plaintiffs. Defendant brings error. Affirmed.

*Charles R. Robertson* (*Benedict H. Lee*, of counsel), for plaintiffs.

*S. Pointer Bradley*, for defendant.

SHARPE, J. By stipulation these cases were heard and submitted upon the same testimony. They were tried by the court without a jury.

In November, 1923, the defendant caused a plat designated "Ridgefield" to be made of certain property owned by him in the city of Detroit. On November 23d of that year he entered into a land contract for the sale of lot 255 therein to the plaintiff Robertson, and three days later entered into a similar contract for the sale of lot 256 to the plaintiff Taylor. A down payment of $165 was made, and additional payments have been made by each of them to the amount of $1,017.40.

The negotiations for the sale of these lots were had by William J. Ronan, a real estate broker, who

was acting for the defendant. The plat had not at that time been recorded, but Ronan assured the plaintiffs that it would be in a few days. It was presented to the city plan commission of the city on December 14, 1923, and approval refused. Defendant sought by mandamus to compel such action, and, petition therefor having been dismissed in the circuit court, he sought review in this court and was denied relief. *Ridgefield Land Co.* v. *City of Detroit,* 241 Mich. 468. A considerable time elapsed before the plaintiffs knew that the plat had not been recorded. On defendant's attention being called to it by Mr. Robertson, he informed him that he was going to commence proceedings to compel its approval, and afterwards persuaded the plaintiffs to await the decision of the court in the matter. After such decision in this court, the plaintiffs kept pressing the defendant for a settlement. On December 14, 1928, he wrote Mr. Robertson:

"After Tuesday morning next, I shall be pleased to take up with you the matter of adjustment on lots 255–256 and 260 in the Ridgefield Subdivision, and endeavor to arrive at a fair and equitable disposition of the matter at our next meeting."

No satisfactory settlement having been reached, the plaintiffs, on July 8, 1929, notified the defendant in writing that they rescinded the contracts and demanded a return of the moneys paid him thereon. At the same time they tendered to him an assignment of the contracts and quitclaim deeds of the lots, describing them as in the contracts. No return of the moneys paid having been made to them, they commenced these actions to recover therefor. Each had judgment in the sum of $1,270.51. Defendant seeks review by writ of error.

It is urged that the declaration does ''not legally charge a cause of action.'' The common counts were added thereto.

''Purchase money paid for the purchase price of land can be recovered in an action for money had and received, whether the consideration fails for want of title or for want of a valid contract to convey.'' *Wright* v. *Dickinson,* 67 Mich. 580, 588 (11 Am. St. Rep. 602).

See, also, *Silfver* v. *Daenzer,* 167 Mich. 362; *Bryant & Detwiler Co.* v. *Peterman,* 210 Mich. 587; *Farmer* v. *Best,* 246 Mich. 434.

The meritorious question presented is whether, under the facts as stated, the plaintiffs are entitled to rescind. Defendant's counsel insists that ''the land was adequately described'' in the contract, and that plaintiffs should have accepted conveyances thereof. The description in the contract with the plaintiff Taylor (the other being similar except as to the lot number) reads:

''Lot numbered 256, of Ridgefield, being a subdivision of part of southeast $\frac{1}{4}$ of section 4, town 1, south range 11 east, lying west of Woodward avenue, said lot being situated on the west side of Wark between Pembroke and St. Martins.''

Provision for the platting of lands and the recording of such plats in the office of the auditor general of the State and the register of deeds of the county in which the lands included therein are situate will be found in 3 Comp. Laws 1929, § 13198 *et seq.* The authority of the common council of the city with reference to the approval by it appears in Act No. 360, Pub. Acts 1925 (see 3 Comp. Laws 1929, § 13213 *et seq.*). Attention is called to the provision in section 13275, under which any person selling any lot within any plat by reference thereto before it has

been recorded "shall forfeit and pay the sum of fifty dollars for each lot so sold." The description in these contracts contains no reference to a plat.

This court, in an early day, held that "deeds of town lots are valid notwithstanding the failure of the proprietors to acknowledge and record the town plat." *Johnstone* v. *Scott,* 11 Mich. 231 (syllabus). The action was ejectment by the person entitled to the possession of the lot, and it was there held that the plat made, wherever found, might be used for the purpose of identifying the land intended to be conveyed. But there was no intimation in this decision, nor do we find any in the other opinions to which defendant's counsel calls our attention, that a vendee is under obligation to accept a conveyance of a lot included in an unrecorded plat. The injustice of so holding is more clearly apparent when consideration is had of other provisions in the contracts. They contain many restrictions, not only upon the use which the vendees should make of their lots, but such restrictions, although varied in some respects, were said therein to be applicable to other lots in the plat, specifically referring to them by number. Particular restrictions were imposed on lots fronting on certain streets appearing on the plat. The vendor agreed "to furnish water, shade trees, sewers, five foot walks, in front of all residence lots." This had not been done at the time of the trial, although more than six years had elapsed since the making of the contracts.

In our opinion the plaintiffs had a right to rescind. Their delay in doing so was induced by the acts and conduct of the defendant.

The judgments are affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.