TAUNT *v.* MOEGLE.

1. VENDOR AND PURCHASER—UNRECORDED PLAT—RESCISSION.
   Purchasers of land, contained in a proposed plat that was never recorded but admittedly utilized for sales purposes and showing intended dedication and roadway construction, were entitled to rescind purchase of lot, notwithstanding that under a separate contract they had also purchased an adjoining lot and built thereon (CL 1948, § 560.78a).

2. SAME—VIOLATIONS OF PLAT ACT—VOIDABLE CONTRACTS.
   The prohibitory features of the plat act are aimed at the subdivider and seller, rather than the lot purchaser, and contracts of sale made in violation thereof are void at the option of the purchaser (CL 1948, § 560.1 *et seq.*).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.
   Claim that plat act is unconstitutional as in violation of the due process clause is not considered, where appellant fails to support such claim by a full presentation of the facts and law (US Const, Am 14; Mich Const 1908, art 2, § 16).

Appeal from Oakland; Hartrick (George B.), J. Submitted January 11, 1956. (Docket No. 66, Calendar No. 46,292.) Decided March 1, 1956.

Bill by Joseph L. Taunt and Elsie B. Taunt against Aline G. Moegle for rescission of land contract and money decree for payments made thereon. Decree for plaintiffs. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur, Vendor and Purchaser § 585 *et seq.*
[2] 55 Am Jur, Vendor and Purchaser §§ 46, 47.
[3] 3 Am Jur, Appeal and Error §§ 568, 838.

*Smith & Wilson,* for plaintiffs.

*Robert D. Heitsch,* for defendant.

BLACK, J.   This is an appeal from decree entered in the Oakland circuit by the Honorable George B. Hartrick, circuit judge.

Defendant Moegle and one Mouw, as owners thereof, joined together in hired survey of a 99-acre rectangular-shaped tract of land preparatory to development thereof as a residential subdivision.   The tract extends south from Brown road, along the east side of intersecting Giddings road in Pontiac township, Oakland county, a distance of approximately 3,000 feet and extends east from Giddings along the south side of Brown a distance of approximately 1,500 feet.   The surveyor laid out the tract in conventional form of a plat and designated, on the engineered result of his work entitled "Proposed Plat of Aljo Hills," a north-south roadway bisecting the proposed plat.   The roadway was designed to provide highway access for inner lots of the proposed plat.

Lots 8 and 20, as designated on the proposed plat, lie end to end and extend from Giddings road easterly about midway between north and south boundaries of the tract.   Lot 8, so designated, is the westernmost lot.   It fronts on Giddings road.   Lot 20, so designated, lies immediately east of and adjacent to lot 8.   It is an inner lot and, without the intended bisecting roadway, has no highway access excepting such as may be provided across said lot 8.   For the same reason the remaining 18 inner lots of the proposed plat have no highway access.

Reference to the above 2 lots will henceforth be by their numbers according to the proposed plat.   The latter was never approved or recorded and the designated north-south roadway through the tract was never dedicated or constructed.

June 30, 1947, plaintiffs entered into an executory contract with defendant for purchase of said lot 20. On the same day plaintiffs agreed to purchase said lot 8 from defendant by separate and corresponding executory contract. Each contract of necessity described the lot by metes and bounds. The contract for purchase of lot 8 was later paid up and plaintiffs duly received deed in pursuance thereof. They built a home on lot 8 and now reside thereon. The other contract was never fulfilled, although payments thereon were made by plaintiffs for a time to extent shown in the mentioned decree.

The proposed plat was admittedly utilized by defendant for sales purposes and a copy thereof with usual representation of intended dedication and roadway construction was delivered to Mr. Taunt in the course of negotiations leading up to execution of the aforesaid contracts.

May 31, 1951, plaintiffs filed suit in equity for rescission of the executory contract relating to lot 20. They rely on allegations of fraud and claimed right of rescission by statute (CL 1948, § 560.78a [Stat Ann 1953 Rev § 26.508(1)]), and seek money decree for amounts theretofore paid by them on the latter contract. The chancellor granted plaintiffs relief according to prayer of their bill and defendant has appealed therefrom.

Appellant contends:

1. That plaintiffs by their proofs have made no case of violation of the platting act;

2. That plaintiffs on account of waiver have made no case entitling them to rescind in equity; and

3. That the platting act, as applied to the case, violates Const 1908, art 2, § 16; US Const, Am 14.

*First:* There is no occasion for extended discussion of this case. Appellant was clearly guilty of a material violation of the plat act of 1929, as amended (CL 1948, § 560.1 *et seq.* [Stat Ann and Stat Ann

1945 Cum Supp § 26.431 *et seq.*]), and plaintiffs, hence, were entitled to rescind. *Taylor* v. *Fry,* 255 Mich 333, cannot. be distinguished. It was relied upon by the chancellor and fully supports the decree below.

*Second:* Since the prohibitory features of the act are aimed at the subdivider and seller rather than the lot purchaser, contracts of sale made in violation thereof are at instance of the purchaser void. He may with or without aid of section 78a thereof so treat the contract, and no action or inaction on his part otherwise constituting waiver or estoppel will prevent him from alleging its invalidity or seeking its rescission (12 Am Jur, Contracts, § 222, p 741; *Geel* v. *Valiquett,* 292 Mich 1). Appellant's claim that plaintiffs waived rescission is therefore without merit.

*Third:* As noted above, appellant claims that the plat act is unconstitutional. Without supporting or enlightening argument but with copious general quotation she refers us to *Coppage* v. *Kansas,* 236 US 1 (35 S Ct 240, 59 L ed 441, LRA1915C, 960); *Adkins* v. *Childrens' Hospital,* 261 US 525, 545 (43 S Ct 394, 67 L ed 785, 24 ALR 1238); *Heiner* v. *Donnan,* 285 US 312 (52 S Ct 358, 76 L ed 772), and *Hitchman* v. *Oakland Township,* 329 Mich 331. This is hardly enough to invoke consideration of possible constitutional questions and we accordingly decline to consider appellant's contention in stated regard. As was said in *Aircraft & Diesel Equipment Corp.* v. *Hirsch,* 331 US 752, 763 (67 S Ct 1493, 91 L ed 1796):

"They (constitutional questions) are not to be entertained upon dubious presentations or, most certainly, when the presentation reasonably may be taken as not intended to put them forward squarely and inescapably."

To same effect is the concluding observation of this ·Court in *Smith* v. *Curran*, 267 Mich 413, 418 (94 ALR 766), *viz.,*

"Aside from the fact that the present controversy is disposed of on the question of signatures and the rule that constitutionality of an act will not be passed upon where a case may be otherwise decided, *the effect of a ruling on validity has such far-reaching possibilities that we think it should not be made except upon full presentation of facts and law."*

The decree below is affirmed. Costs to appellees.

DETHMERS, C. J., and SHARPE, SMITH, REID, BOYLES, KELLY, and CARR, JJ., concurred.