HODGE *v.* PONTIAC TOWNSHIP BOARD.

1. Courts—Jurisdiction—Justiciable Matters.
    Courts do not take cognizance of suits instituted merely to obtain judicial opinions upon points of law, especially when the persons invoking the jurisdiction have shown, for the purposes of a possibly momentous decision, no personal grievance or adverse effect upon their personal or property rights.

2. Townships—Annual Meeting—Viva Voce Vote—Constitutional Law.
    Trial court properly dismissed bill by township's residents and electors against township board and various township officers to enjoin *viva voce* vote on the transaction of public business and to declare unconstitutional the statute relative to annual township meetings, where plaintiffs have shown no injury to their personal or property rights by the conduct of the last township's annual meeting and because the constitutional question has not been properly presented (Const 1908, art 3, §§ 1, 4, 7, 8; art 8, § 18; CLS 1956, § 168.361).

3. Costs—Townships—Annual Meeting—Constitutional Law.
    No costs are allowed in suit to enjoin *viva voce* vote on the transaction of public business at the annual township meeting and to declare statute relating to annual township meetings unconstitutional (Const 1908, art 3, §§ 1, 4, 7, 8; art 8, § 18; CLS 1956, § 168.361).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted June 9, 1961. (Docket No. 38, Calendar No. 49,139.) Decided September 21, 1961.

Bill by Robert W. Hodge and Walter D. Hodge against Pontiac Township Board and various town-

References for Points in Headnotes
[1] 14 Am Jur, Courts § 49.
[2] 11 Am Jur, Constitutional Law § 93.

ship officials to enjoin *viva voce* vote on the transaction of public business and to declare unconstitutional the statute relative to annual township meetings.   The Attorney General intervened as party defendant.   Bill dismissed.   Plaintiffs appeal. Affirmed.

*Robert W. Hodge, in propria persona,* and for plaintiff Walter D. Hodge.

*Herbert W. Gordon,* for defendants.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, *Franklin J. Rauner* and *Hugh B. Anderson,* Assistant Attorneys General, for intervening defendant.

Per Curiam.   This case comes within the rule that courts do not take cognizance of suits instituted merely to obtain judicial opinions upon points of law, especially when the persons invoking the jurisdiction have shown for the purposes of a possibly momentous decision no personal grievance or adverse effect upon their personal or property rights. As was said by Mr. Justice Frankfurter, concurring in *United States* v. *Congress of Industrial Organizations,* 335 US 106, 126 (68 S Ct 1349, 92 L ed 1849):

"This prerequisite [that a contest must fairly invite adjudication] may be lacking though there be entire disinterestedness on both sides in their desire to secure at the earliest possible moment an adjudication on constitutional power.   It may be lacking precisely because the issues were formulated so broadly as to bring gratuitously before the court that for which there is no necessity for decision, or because they invite formulation of a rule of constitutional law broader than is required by the precise facts of the situation or the terms of the assailed legislation   *   *   *   (citing cases).

"We are concerned here not with derogatory implications of collusion, nor have we a case of mootness with its technical meaning of a nonexistent controversy. The circumstances bring the present record within those considerations which have led this court in the past 'for its own governance in the cases confessedly within its jurisdiction' to avoid passing on grave constitutional questions because the questions involving the power of congress come here not so shaped by the record and by the proceedings below as to bring those powers before this court as leanly and as sharply as judicial judgment upon an exercise of congressional power requires."

For Michigan authorities of like tenor, see *Attorney General, ex rel. McRae,* v. *Thompson,* 167 Mich 507; *Johnson* v. *City of Muskegon Heights,* 330 Mich 631; *Taunt* v. *Moegle,* 344 Mich 683; *People* v. *Dungey,* 356 Mich 686, 697; *Ohio Department of Taxation* v. *Kleitch Bros., Inc.,* 357 Mich 504, 516.

Plaintiffs' bill, filed by residents and electors of Oakland county's Pontiac township, alleges that section 361 of PA 1954, No 116, as amended by PA 1956, No 104 (CLS 1956, § 168.361 [Stat Ann 1959 Cum Supp § 6.1361]),* violates sections 1, 4, 7, and

---

* "Sec. 361. There shall be an annual meeting of the electors of each township on the Saturday preceding the first Monday in April of each year between 1 o'clock p.m. and 8 o'clock p.m. The time and place of such meeting shall be determined by the township board. The township clerk shall, at least 14 days but not more than 20 days before each such township meeting, post in at least 3 conspicuous places in each precinct and publish at least twice in a newspaper of general circulation in the township, a notice designating the date, time and place such meeting shall be held. The electors meeting at the place. designated shall transact such business as is usually transacted at township meetings by *viva voce* vote.

"In all townships having 5,000 or more inhabitants the township board by resolution may, or on the filing of petitions signed by not less than 8% of the registered electors of the township shall, submit the question of the abolition of the annual township meeting to the electors at the next regular primary or election: *Provided,* That such resolution or petition shall be filed with the township clerk at least 30 days prior to such regular primary or election day. In case a majority of the electors of the township voting on the proposal, shall vote for the abolition of the annual township meeting, the annual township meeting in such township shall be abolished."

8 of article 3 of the Constitution of 1908 as amended, also section 18 of article 8 of the same amended instrument. The bill prays that the defendant members of the township board be restrained "from submitting any public question to a *viva voce* vote"; "from calling or holding any meeting for the transaction of public business where any public business is submitted to a *viva voce* vote of anyone other than duly elected and qualified members of the township board"; "from submitting questions involving the expenditure of public moneys to a *viva voce* vote, or any other form of voting, of unqualified persons"; "from denying to any qualified elector the right to vote by ballot"; "from denying any qualified elector the right to vote by absentee ballot", and from "surrendering their constitutional offices and legal powers and responsibilities to any meeting or to any group for any purpose."

The chancellor's decree of dismissal is affirmed for 2 reasons. The first is that the plaintiffs have shown no injury to their personal or property rights by the conduct of Pontiac township's annual meeting of 1960. The second is that this Court must decline consideration of a constitutional question of possibly far-reaching importance upon the "dubious presentation" plaintiffs have made by their bill.

Affirmed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.