PEOPLE v MELL

Docket No. 194892. Submitted November 13, 1997, at Detroit. Decided
January 23, 1998, at 9:10 A.M. Leave to appeal sought.

Julie K. Mell and Michelle L. Butson, seminude lap dancers at a night-
club, were charged in the 36th District Court with misdemeanor
offenses of open and gross lewdness and lascivious behavior, MCL
750.335; MSA 28.567. The defendants moved to dismiss the charges
on the ground that the statute under which they were charged was
unconstitutionally vague. The court, John E. Perry, J., denied the
motion. On appeal, the Detroit Recorder's Court, Dalton A. Rober-
son, J., reversed, finding the statutory terms "lewd" and "lascivious"
unconstitutionally vague. The prosecution appealed by leave
granted.

The Court of Appeals *held*:

1. The circuit court erred in broadly deciding that the statute was
unconstitutional. Nevertheless, because the dismissal of the
charges can be affirmed on a narrower, nonconstitutional ground,
the constitutionality of the statute at issue need not be addressed.

2. At the time of the incident that led to the charges, *State ex rel
Wayne Co Prosecuting Attorney v Dizzy Duck*, 203 Mich App 250
(1994), in which the Court of Appeals determined that lap dancing
does not constitute lewdness unless done for the purpose of mas-
turbation, had yet to be vacated by the Supreme Court, 449 Mich
353 (1995). Inasmuch as the prosecution in the instant case does
not argue that the defendants' lap dancing was done for the pur-
pose of masturbation, and because the defendants would be denied
due process if the Supreme Court decision were to be made appli-
cable to them, the defendants cannot be properly charged with vio-
lating MCL 750.335; MSA 28.567.

Affirmed.

1. Courts — Constitutional Law — Judicial Self-Restraint.

Courts should address broad constitutional challenges of statutes
only as a last resort, when a case cannot be decided on other
grounds entirely or when constitutional concerns cannot be satis-
fied in a more limited or narrow fashion.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

*Carl L. Rubin*, for the defendants.

Before: BANDSTRA, P.J., and CAVANAGH and MARKMAN, JJ.

BANDSTRA, P.J. Defendants were charged with violating MCL 750.335; MSA 28.567 as a result of "lap dancing" that was observed by undercover officers at "Hardbodies," an "adult entertainment" nightclub, on April 6, 1995. The officers alleged that, while apparently at least partially nude, defendants allowed patrons of the club to kiss and suck their breasts during the lap dance activity. The statute, in pertinent part, states that "any man or woman . . . who shall be guilty of open and gross lewdness and lascivious behavior, shall be guilty of a misdemeanor . . . ." In a two-page opinion, the circuit court reversed the district court's denial of a motion to dismiss the charges, finding the statutory terms "lewd" (sic) and "lascivious" unconstitutionally vague. We conclude that the circuit court erred in broadly deciding that the statute was unconstitutional, and we affirm for more limited reasons.

"[F]ew principles of judicial interpretation are more firmly grounded than this: a court does not grapple with a constitutional issue except as a last resort." *Taylor v Auditor General*, 360 Mich 146, 154; 103 NW2d 769 (1960). Accord *People v Krezen*, 427 Mich 681, 713, n 32; 397 NW2d 803 (1986) ("[i]t is a familiar principle that courts avoid grappling with constitu-

tional questions if the cause can be decided on other grounds") (LEVIN, J., dissenting); *Hodge v Pontiac Twp Bd*, 363 Mich 544, 545-546; 110 NW2d 746 (1961). This "policy of self-restraint" is consistent with "Chief Justice Marshall's rationale of judicial review as a reluctant power exercised only because the Court must decide cases brought before it in conformity with the Constitution." Nowak & Rotunda, Constitutional Law (4th ed), § 2.12(g), pp 88-89. It is also based on pragmatic considerations:

> Judicial review is inconsistent with pure majority rule, and, because of the conflict between the judiciary and the democratic system, may result in popular disapproval of court action. The policy of a strict necessity in disposing of constitutional issues is a useful device that helps assure that judicial review does not take place gratuitously. [*Id.* at 89].

In addition to the complete avoidance of constitutional questions if possible, this doctrine also requires that "constitutional issues affecting legislation will not be determined . . . in broader terms than are required by the precise facts to which the ruling is to be applied." *Rescue Army v Municipal Court of Los Angeles*, 331 US 549, 569; 67 S Ct 1409; 91 L Ed 1666 (1947). Accordingly, "if the record presents some other ground upon which the case may be disposed of" in a more narrow fashion, a broad constitutional challenge should not be considered. *Id.*

To summarize, when presented with a constitutional challenge to a statute, courts must exercise self-restraint.[1] Courts must be loath to discard stat-

---

[1] Generally, this self-restraint must be exercised sua sponte by the court; neither party will be advocating that approach. In this case, for

utes enacted by a majority of the elected representatives of the people through the legislative process. While courts have an obligation to review the constitutionality of statutes and the power to do so, it is a power that must be exercised reluctantly. Courts should address broad constitutional challenges of statutes only as a last resort, when a case cannot be decided on other grounds entirely or when constitutional concerns cannot be satisfied in a more limited or narrow fashion.

Applying these principles to the present case, we conclude that the circuit court erred in broadly deciding that the statute at issue here was unconstitutionally vague.[2] Nonetheless, we affirm the decision to dismiss the criminal charges against defendants for different reasons. *People v Ortiz (After Second Remand)*, 224 Mich App 468, 477; 569 NW2d 653 (1997) ("[w]here the trial court reaches the right

example, defendants had no interest in arguing that the charges against them had to be dismissed for narrow, fact-specific reasons, having broadly argued that the statute was unconstitutional. The prosecutor wanted the dismissed charges reinstated and certainly had no incentive to argue that the charges were properly dismissed under a more limited, fact-specific analysis.

[2] Even that decision was broader than it had to be. Whatever the status of nude dancing as an expressive activity protected by the First Amendment, lap dancing, which involves physical contact with others for their sexual stimulation, is not so considered. E.g., *State ex rel Miller v Private Dancer*, 83 Ohio App 3d 27, 31-32; 613 NE2d 1066 (1992); *Hoskins v Dep't of Business Regulation*, 592 So 2d 1145, 1146 (Fla App, 1992). In fact, defendants do not argue that their activity is entitled to First Amendment protection. Defendants, accordingly, can raise a vagueness challenge to the statute only as it applies to their conduct, rather than "on its face" in the abstract. *United States v Nat'l Dairy Products Corp*, 372 US 29, 36; 83 S Ct 594; 9 L Ed 2d 561 (1963); *People v Howell*, 396 Mich 16, 21; 283 NW2d 148 (1976). The circuit court compounded its error by ignoring this distinction and broadly declaring the statute unconstitutional, apparently with reference to any conduct that might allegedly fall within its proscription.

result for the wrong reason, this Court will not reverse"). Without regard to the general constitutionality of the statute, the charges against defendants had to be dismissed because of facts and circumstances specific to this case.

At the time of defendants' allegedly criminal conduct, our Court had defined "lewdness" in a limited fashion and determined that "[l]ap dancing itself does not constitute lewdness unless it is done for the purpose of masturbation." *State ex rel Wayne Co Prosecuting Attorney v Dizzy Duck*, 203 Mich App 250, 260; 511 NW2d 907 (1994), vacated 449 Mich 353; 535 NW2d 178 (1995) (*Dizzy Duck I*). In the present case, the prosecutor does not argue that the lap dancing was done for the purpose of masturbation.

Instead, the prosecutor argues that we should reverse the decision of the lower court on the basis of the Supreme Court's reversal of *Dizzy Duck I*.[3] In *State ex rel Wayne Co Prosecutor v Dizzy Duck*, 449 Mich 353, 364; 535 NW2d 178 (1995) (*Dizzy Duck II*), the Supreme Court determined that a masturbatory purpose is not required; lewdness includes conduct of an "almost-nude female employee squirming in the lap of a customer for his sexual arousal" such as is at issue in this case. We agree with the prosecutor that the alleged conduct of defendants in this case falls

---

[3] The *Dizzy Duck* cases did not consider the statute at issue here but rather were concerned with the nuisance abatement statute, MCL 600.3801; MSA 27A.3801. The prosecutor does not argue that the analysis of the *Dizzy Duck* cases is thus inapplicable here. We note that the Supreme Court has directed our Court to consider *State ex rel Wayne Co Prosecutor v Dizzy Duck*, 449 Mich 353; 535 NW2d 178 (1995) (*Dizzy Duck II*) in application to criminal cases. *People v Maxwell*, 450 Mich 889 (1995). In any event, we consider any argument that might have been advanced suggesting that the *Dizzy Duck* cases are inapplicable here to be waived.

within the Supreme Court's definition of lewdness in *Dizzy Duck II.*

However, *Dizzy Duck II* was decided July 25, 1995; its definition of lewdness cannot be applied against defendants because it was unavailable to them at the time of the April 6, 1995, lap-dancing incident that formed the basis for the charges in this case.

> It is true that interpretations of statutory provisions by a court may add a clarifying gloss to otherwise unclear words, and therefore provide constructive notice to *future* defendants, but "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law . . . " and " . . . the effect is to deprive [the defendant] of due process of law in the sense of fair warning that his contemplated conduct constitutes a crime." *Bouie v City of Columbia,* 378 US 347, 353, 355; 84 S Ct 1697; 12 L Ed 2d 894 (1964). [*People v Dempster,* 396 Mich 700, 715-716; 242 NW2d 381 (1976) (emphasis in original).][4]

Lap dancers such as defendants may have received "fair warning" that their conduct constitutes criminal lewdness as a result of *Dizzy Duck II.* However, that was certainly not the case before that decision but after our Court had clearly determined that lap dancing without a masturbatory purpose did not constitute lewdness.

We affirm.

CAVANAGH, J. I concur in the result only.

---

[4] Our Supreme Court has recently determined that this principle is inapplicable in a case "where a precisely drafted statute, unambiguous on its face" is interpreted by the Supreme Court for the first time after the allegedly criminal conduct at issue. *People v Doyle,* 451 Mich 93, 113; 545 NW2d 627 (1996). We consider *Doyle* inapposite because the statutory language here, i.e., "open and gross lewdness and lascivious behavior," is not precisely drafted or unambiguous on its face.