**QUALLS ASSOCIATES, INC., Plaintiff,**

**v.**

**MAYOR AND CITY COUNCIL OF BALTIMORE, Defendant.**

**No. CIV.A. RDB032495.**

United States District Court,
D. Maryland,
Northern Division.

Aug. 28, 2003.

Kristin Case Lawrence, Bishop Daneman Reiff and Simpson LLC, Baltimore, for Qualls Associates, Inc., Plaintiff.

William R Phelan, Jr, Baltimore City Law Department, David E Ralph, Mayor and City Council of Baltimore Department of Law, Baltimore, for Mayor and City Council Of Baltimore, Defendant.

## MEMORANDUM OPINION & ORDER

QUARLES, District Judge.

Pending before the Court is Qualls Associates, Inc.'s ("Qualls") motion for a temporary restraining order, preliminary injunction, and declaratory relief. The Court held a hearing at which Qualls and the Mayor and City Council of Baltimore ("the City") were heard and therefore treats this motion as one for a preliminary injunction. The motion will be denied.

This case involves a lease agreement between Qualls and the City. The lease is the result of a City program to aid economic development in certain areas. Pursuant to the lease, Qualls subleases the property to entities including non-profit corporations. The City notified Qualls that it was in default and risked losing the lease if it did not cure the problem. Though Qualls operates a business on the property, the City indicated to the Court that it does not seek to evict Qualls. Furthermore, a subsequent management company would take the property subject to the subleases.

Qualls seeks relief under Title 42 U.S.C. § 1983 based on the theory that the lease does not provide it an adequate opportunity to be heard before termination. At the hearing, both parties agreed that this case is nothing more than a contract dispute involving the City and a private corporation— no invidious discrimination has been alleged.

In considering whether a preliminary injunction will issue, the Court must: (1) determine whether there is a strong possibility that denial of the injunction will irreparably harm the plaintiff; (2) balance that harm against the probability and severity of the defendant's harm; (3) determine the strength of the plaintiff's case and weight it according to the outcome of the hardship analysis; and (4) account for the interests of the public. *The Scotts Company v. United Industries Corporation*, 315 F.3d 264, 272 (4th Cir.2002). As the party seeking the injunction, Qualls must establish that, on balance, these factors favor the grant of an injunction. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir.1991).

If the injunction is denied, Qualls asserts it faces monetary losses and the loss of the option to buy the leasehold. Both harms are easily compensable through monetary damages and are not irreparable. *Hughes Network Sys., Inc. v. InterDigital Communications Corporation*, 17 F.3d 691, 694 (4th Cir.1994) (Absent "extraordinary circumstances," harms compensable through monetary damages are not irreparable); *Sholom, Inc. v. State Roads Commission of Maryland, et al.*, 246 Md. 688, 701, 229 A.2d 576 (1967) (State's taking of an option to buy proper-

ty is compensable through monetary damages).

Assuming *arguendo* that irreparable harm has been demonstrated, the Court examines the likely harm to the City. The City faces continued, but calculable, monetary losses if the injunction is granted. While such damages are not irreparable, the City also asserts that its economic development effort is being damaged by Qualls' management of the lease property. Because such harm cannot be easily quantified, it weighs against the grant of a preliminary injunction.

Because Qualls' harm is, at best, balanced with the City's, Qualls must demonstrate a clear likelihood of success on the merits. *Scotts,* 315 F.3d at 271; *MicroStrategy Inc. v, Motorola, Inc.,* 245 F.3d 335, 340 (4th Cir.2001) (requiring plaintiff to make "strong showing of likelihood of success" ... by "clear and convincing evidence"). Qualls has not made this showing. *See Coastland Corp. v. County of Currituck,* 734 F.2d 175, 178 (4th Cir.1984) (no due process violation when government breaches contract rights because of state judicial remedy); *Frazier et al. v. Lowndes County, Miss. Bd. Of Ed., et al.,* 710 F.2d 1097, 1101 (5th Cir.1983) (when State remedy is available, government's mere termination of lease does not constitute a taking or implicate procedural due process concerns).

Finally, the Court considered the public's interest in this case, which clearly favors the City's administration of its program designed to aid economic growth for the benefit its citizens. *See Scotts,* 315 F.3d at 286.

Accordingly, Qualls has not shown that the *Blackwelder* factors favor the grant of a preliminary injunction, and its motion is denied.

*ORDER*

For the foregoing reasons, it is this 28th day of August, 2003, ORDERED:

1. That Plaintiff's Motion for a Preliminary Injunction BE, and hereby is, DENIED;

2. That the Clerk of the Court shall mail copies of this Order and the Memorandum Opinion to counsel.